PARMANAND RUTTONJEE et al., Trading under the Firm
Name of RUTTONJEE, JEEVANDASS & Co., Respondents,
*v.* GREGOR M. FRAME et al., Copartners under the
Firm Name of FRAME & Co., Appellants.

Contract — sale — action for breach of contract — measure
of damage — where contract treated as executory, damages
estimated as of date of arrival of goods.

In an action by a seller against a buyer for non-acceptance of goods
to be shipped from abroad, which was treated by both parties upon the
trial as one for breach of an executory contract and as the measure of
damage, the difference between the market value and the contract
price, the damages are properly estimated as of the date of the
arrival of the goods. (Pers. Prop. Law, § 145; Cons. Laws, ch. 41.)
   *Ruttonjee* v. *Frame*, 205 App. Div. 354, affirmed.

(Submitted October 19, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered May 7, 1923, modifying and affirming as modified
a judgment in favor of plaintiffs entered upon a verdict.

*Stephen Van Wyck* for appellants. The rule of damages
on the breach of a c. i. f. contract as laid down by the
trial court was the correct one. (*Ireland* v. *Livingston*,
L. R. 5 H. L. 395; *Bidwell Bros.* v. *E. Clemens Horst Co.*,
1 K. B. 214; *Sanders* v. *McLean*, L. R. [11 Q. B. D.] 327;
L. R. [14 K. B.] 64; *Sharp Co., Ltd.,* v. *Nosawa & Co.*,
[1917] 2 K. B. D. 818; *Produce Brokers Co.* v. *Weis*, [1918]
L. J. K. B. 472; *Groom* v. *Barber*, 1 K. B. [1915] 324;
*Karburg* v. *Blythe G. & J.;* [1915] 85 L. J. K. B. 665;
[1916] 1 K. B. 495.) It is conceded that under a c. i. f.
contract delivery of goods to the carrier releases the seller
of all responsibility. Therefore, it is presumed that he has
performed the terms of his contract. (*Standard Casing Co.*
v. *California Casing Co.*, 233 N. Y. 413; *Seever* v. *Lindsay
Light Co.*, 213 N. Y. 273.)

*Abram I. Elkus, Donald C. Strachan* and *Charles F. Bailey* for respondents.   The judgment should be affirmed on the ground that it represents the difference between contract price and price realized by resale under sections 133 and 134, Personal Property Law.   (*Moore* v. *Potter,* 155 N. Y. 481; *Sawyer* v. *Dean,* 114 N. Y. 569; *Lewis* v. *Greider,* 51 N. Y. 321.)

*Per Curiam.*   This action was brought by a seller to recover damages against a buyer for non-acceptance of goods.   November 27, 1918, plaintiffs at Bombay, India, delivered to a steamship company the goods for shipment to New York and received bills of lading therefor. Thereupon they cabled to their agent in New York to sell the goods, and upon receipt of said message on December 6, 1918, contract of sale was entered into between the agent of plaintiffs with defendants for said goods.   The contract was c. i. f., N. Y., described the goods " Shipment: Goods afloat per S. S. Kasadomam. Terms: Buyer to pay on presentation of documents."

On February 21, 1919, the shipping documents were presented to defendants by the bank to which they had been forwarded and refused.   Upon the arrival of the goods in New York the documents were again tendered and refused.   The trial justice held that the measure of damages should be computed as of the date when the documents were presented on February 21, 1919.   The amount of same was stipulated at $4,972.10 and plaintiffs recovered said amount and interest.   Cross-appeals were taken to the Appellate Division and that court modified the judgment by increasing the same to the sum of $12,572.41 and interest thereon, the amount stipulated as the difference between the contract price and the market price in New York, April 11, 1919, the date of the arrival of the goods and the second refusal by defendants of the shipping documents.

Upon the trial counsel for both parties treated the

action as one for breach of an executory contract and the remedy an action for damages viz., the difference between the market value and the contract price. The only controversy was as to the time when the price should be calculated. Defendants contended, if liable at all, they were liable only at the time of the tender of documents when the goods were still on the high seas. Plaintiffs insisted that the calculation should be made as of the time of the tender of the goods upon their arrival. Both parties having adopted that theory of the trial we need not stop to inquire as to the correctness of the same, the action having been tried upon the theory adopted by counsel for the parties.

We conclude that the Appellate Division properly estimated the damages as of the date of the arrival of the goods (Pers. Prop. Law [Cons. Laws, ch. 41], section 145), and affirm the judgment of that court.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.